UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
DAVID W. POPE,                     )
                                   )
         Petitioner,               )
                                   )
    v.                             )    C.A. No. 19-076 WES
                                   )
                                   )
PATRICIA COYNE-FAGUE,              )
                                   )
         Respondent.               )
_____)

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Chief Judge.

Before the Court is the State of Rhode Island's Motion to Dismiss the Petition of David W. Pope for a Writ of Habeas Corpus by a person in state custody under 28 U.S.C. § 2254. For the reasons that follow, the Motion to Dismiss, ECF No. 3, is GRANTED, and the Petition for Habeas Corpus, ECF No. 1, is DENIED and DISMISSED.

I. Background

In June 2015, Petitioner David Pope pled guilty to one count of first-degree child molestation in violation of R.I. Gen. Laws § 11-37-8.1. Mem. of Law in Supp. of State of R.I.'s Mot. to Dismiss 1 ("State's Mem."), ECF No. 3 (citing Pet. for Writ of Habeas Corpus 1 ("Habeas Petition"), ECF No. 1). Pope was sentenced "to thirty years at the Adult Correctional Institutions, ten years to serve, the balance suspended with probation." Id.

Pope challenges his 2015 conviction on the basis that his due process rights were violated and that the imposed sentence was cruel and unusual. Habeas Petition 6-8. Specifically, he alleges that R.I. Gen. Laws § 11-37-8.1 is unconstitutional because it fails to prescribe a penalty, and therefore, it does not authorize his current sentence. Id.; see R.I. Gen. Laws § 11-37-8.1. Pope acknowledges that he did not appeal or seek post-conviction relief in state court for these alleged violations.[1] Habeas Petition 3-8; Obj. to State of R.I.'s Mot. to Dismiss 1 ("Pet'r Obj."), ECF No. 4. The State has moved to dismiss Pope's Petition on the grounds that he has failed to exhaust his state court remedies. Mot. to Dismiss 1; see also State's Mem. 1.

II. Discussion

In most instances, the Court can only grant a petition for a Writ of Habeas Corpus when "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A) (1996). The reason for requiring the exhaustion of state court remedies is to provide state courts with a chance to rule on claims before those claims are brought before a federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

---

[1] Although Pope filed an application for post-conviction relief in state court, he did not raise the claims of due process and cruel and unusual punishment. State's Mem. 2 n.2; see Habeas Petition 6, 8.

2

Therefore, a petitioner's failure to exhaust their claims in state court can be "fatal" to their application. Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988).

Here, Pope did not exhaust his state court remedies because he did not raise his claims through a post-conviction motion or a habeas petition in state court.[2] See Habeas Petition 6-8. Rather, Pope contends that Rhode Island's state court system is "inadequate to protect [his] rights" and "offer[s] no hope of realistic constitutional relief." Pet'r Obj. 1.

Section 2254(b)(1)(B) provides that a petitioner does not need to exhaust his state court remedies when "there is an absence of available State corrective process" or when "circumstances exist that render such process ineffective to protect the rights of the applicant." However, Pope does not identify what is preventing him from litigating his constitutional claims in state court, nor does he provide evidence as to why the state court is incapable of addressing his claims.[3] See Habeas Petition 6-8; Pet'r Obj. 1.

---

[2] Since Pope's state application for post-conviction relief did not address the claims raised in his habeas petition, he did not exhaust his state court remedies on these claims. See Picard v. Connor, 404 U.S. 270, 276 (1971) ("The [exhaustion] rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts.").

[3] In his Response in Opposition to the State's Motion to Dismiss, Pope advances constitutional arguments similar to those in his Habeas Petition, and attaches court fillings from an unrelated case. See Pet'r Obj. Ex. A & B, ECF 4-1; Exs. C-F, ECF No. 4-2; Exs. G-N, ECF No. 4-3. These documents do not demonstrate

3

Pope has not exhausted his state court remedies, and he fails to provide any justification for excusing the exhaustion requirement. Therefore, his petition must be dismissed.

IV. Conclusion

For the foregoing reasons, the Court GRANTS the State's Motion to Dismiss, ECF No. 3, and DENIES and DISMISSES Pope's Petition for Writ of Habeas Corpus, ECF No. 1.

IT IS SO ORDERED.

/s/ W E Smith
William E. Smith
Chief Judge
Date: August 15, 2019

---

that Pope could not litigate his claims in state court, nor do they establish that there is an "absence of available State corrective process." 28 U.S.C. § 2254(b)(1)(B); see Pet'r Obj. Ex. A & B; Exs. C-F; Exs. G-N.